(No. 1336—)

JENNIE SANDERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

CHARLES DICKERSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The claimant in this case, Jennie Sanders, seeks to recover compensation on account of the death of her son, Captain Howard A. Sanders, who was at and prior to the time of his death in command of a battery of artillery of the Illinois National Guard, federalized and on duty on the day and at the time of his death, and was an officer in command of said military unit some time prior to the accident, causing his almost instant death. The accident occurred at the close of what is commonly known as Defense Day, a day set apart as a day of demonstration throughout the United States for the purpose of discipline, training and experiment, on September 12, 1924, at a place in the vicinity of Aurora, Illinois, on the State Fair Association premises. Captain Howard A. Sanders was under orders of the Commander in Chief of the military forces of Illinois, and was ordered by proper order to proceed with his battery and participate in the Defense Day activities in the City of Aurora, Illinois, and did proceed out with his battery, and at the conclusion of the parade or demonstration, returning to the fair grounds near Aurora, Illinois, where the battery, including horses, material and other equipment were stored, stabled and housed, and while in the act of returning the battery to its proper quarters, riding up and down the battery line superintending the unloading, directing and moving of men and horses, mounted at that time upon a spirited horse, and as the records show, in all probability not properly shod and riding upon a cinder path where he had a right to be, and while in the per-

152

formance of his duties, the horse slipped and by the testimony of one experienced officer, owing partly to the smooth shoeing and the nervous condition of the animal, threw Captain Sanders to the ground and the injuries which he received caused his death within a few hours. At the time of his death, and prior thereto, he had been supporting a widowed mother of the age of sixty-three years, and was maintaining a home for her out of his earnings which were in the neighborhood of $250.00 per month, as a bond salesman, he being the only support of his mother, and she having no other means of support or income, or any other member of the family contributing or able to contribute towards her support and maintenance.

A demurrer filed by the State of Illinois, is sustained as a matter of law.

On the grounds of equity and good conscience, we feel that an award is justified in this case, and we accordingly award to claimant the amount to which she would be entitled had her son been employed under the terms of the Workmen's Compensation Act of this State of Illinois, or the sum of Three Thousand Seven Hundred and Fifty ($3,750.00) Dollars.